UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM J. MCCORKLE,

    Petitioner,

v.                                                                                          CASE NO. 6:06-cv-950-Orl-19JGG
                                                                                                    (6:98-cr-052-Orl-19JGG)

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

This case came before the Court on the following matters:

1.    Petitioner's Motion Requesting Leave Under Local Rule 3.01(c) to File His Memorandum of Law, or Alternatively, to Adopt for Consideration in this Case the Memorandum at Doc. 1118 in Criminal Case No. 6:98-cr-52-Orl-19JGG (Doc. No. 5, filed July 24, 2006) is **DENIED** as moot. Petitioner's memorandum of law was filed on July 21, 2006 (Doc. No. 4).

2.    Petitioner's Motion for Recusal of Chief Judge Patricia C. Fawsett and Magistrate Judge James G. Glazebrook From Participating in this Section 2255 Motion to Vacate (Doc. No. 6, filed July 24, 2006) is **DENIED**.

Local Rule 1.04(a) provides in part: "All motions under 28 U.S.C. Section 2255 shall be assigned to the judge to whom the original criminal case was assigned." Petitioner has

not indicated any statutory authority for his motion, but presumably he is seeking recusal pursuant to 28 U.S.C. Section 455.[1]

Only personal bias, not judicial bias, is sufficient to justify recusal of a judge. *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988). Moreover, the bias must "'stem from personal, extrajudicial sources' unless 'pervasive bias and prejudice is shown by otherwise judicial conduct.'" *First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc.*, 825 F.2d 1475, 1487 (11th Cir. 1987) (citation omitted), *cert. denied*, 484 U.S. 0160 (1988). Petitioner has failed to present any evidence of a personal, pervasive bias or prejudice demonstrated by either Chief Judge Fawsett or Magistrate Judge Glazebrook. Instead, he merely argues that the involvement and rulings by the two judges during his criminal proceedings warrant recusal for the instant proceedings. Such allegations are insufficient. *See Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) ("[A]s a general rule, a judge's rulings in the same case are not valid grounds for recusal."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("The judge's bias must be personal and extrajudicial; it must

---

[1]The criterion for recusal under 28 U.S.C. § 455 states in part:

> (a)  Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b)(1)  He shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455(a), (b)(1).

derive from something other than that which the judge learned by participating in the case.").

**DONE AND ORDERED** at Orlando, Florida this _26th___ day of July, 2006.

*Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa  7/26
William J. McCorkle
Counsel of Record