UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM J. MCCORKLE,

    Petitioner,

v.                                            CASE NO. 6:06-cv-950-Orl-19JGG
                                                  (6:98-cv-052-Orl-19JGG)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case is before the Court on the following motions:

1.     **MOTION**:    Petitioner's Motion for an Evidentiary Hearing, Production of Certain Documents, and Request to Expand the Record for Purposes of His Section 2255 Motion to Vacate (Doc. No. 23, filed January 8, 2007).

Thereon it is **ORDERED** that the motion is **DENIED**. The record from Petitioner's criminal proceedings, including all pertinent transcripts, evidentiary exhibits, and orders, will be considered in the resolution of Petitioner's § 2255 motion. In addition, in filing his opposition to the Government's response to his motion, Petitioner may include counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. After Petitioner has filed his reply, the Court will review the pleadings and record to determine whether an evidentiary hearing is warranted.

The Court notes that Petitioner's motion lists the Honorable Virginia Covington, the Honorable James G. Glazebrook, and the undersigned as potential witnesses. *See* Doc. No.

23 at 17, 19-21. To the extent that Petitioner intends to subpoena the undersigned or any other judge to provide testimony in the instant proceedings, he is advised that any communications between the undersigned and Magistrate Judge Glazebrook incident to this matter were conducted in a judicial capacity and provide no basis for recusal or disqualification of either judge.[1] *See Cheeves v. Southern Clays, Inc.*, 797 F.Supp. 1570, 1581-84 (M.D. Ga. 1992) (oral and written communications between presiding judge and another judge were judicial communications that were not subject to discovery in proceedings regarding a motion to disqualify the presiding judge; therefore, subpoenas issued to the judges to appear for depositions were quashed).

Furthermore, as recognized by the United States Supreme Court, judges cannot be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated the judge in the performance of his or her official duties. *See United States v. Morgan*, 313 U.S. 409, 422 (1941) (recognizing that a court cannot probe into the mental processes of a judge); *Fayerweather v. Ritch*, 195 U.S. 276, 307 (1904) (stating that a judgment "ought never to be overthrown or limited by the oral testimony of a judge or juror of what he had in mind at the time of the decision"); *United States v. Cross*, 516 F.Supp. 700, 707 (M.D. Ga.1981) (acknowledging that "judges are under no obligation to divulge the reasons that motivated them in their official acts; the mental processes employed in formulating the decision may not be probed"), *aff'd* 742 F.2d 1279 (11th Cir. 1984).

---

[1] Motions for disqualification may not ordinarily be based on the rulings of the Judge in the same case. *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985).

2. **MOTION**: Petitioner's Second Motion for Appointment of Counsel for Purposes of His Section 2255 Motion to Vacate (Doc. No. 22, filed January 8, 2007).

Thereon it is **ORDERED** that the motion is **DENIED**. The interests of justice do not warrant appointment of counsel in this case at this time. In the event that the court determines that an evidentiary hearing is necessary, the motion will be reconsidered at that time.

**DONE AND ORDERED** at Orlando, Florida this __19th__ day of January, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 1/19
William J. McCorkle
Counsel of Record